IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES KENNEDY, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>UNITED STATES and )<br>WILLIAM MURPHY, M.D., )<br>)<br>Defendants )<br>_____) | Case No. 07-1093-JTM |

**ORDER PERMITTING *EX PARTE* INTERVIEWS WITH**
**TREATING PHYSICIANS AND OTHER HEALTH CARE PROVIDERS**

TO:   All Physicians and other Health Care Providers

This matter comes before the Court upon the motion of Defendants for an order permitting *ex parte* interviews with treating physicians and other health care providers of plaintiff Charles Kennedy.  (Doc. 16.)  The parties are represented as follows:  Dr. William Murphy by and through his counsel of record, Matthew P. Sorochty of Woodard, Hernandez, Roth & Day, L.L.C.; Plaintiff Charles Kennedy by and through his counsel, Thomas E. Hayes, of The Spigarelli Law Firm; and The United States appears by their attorney, David D. Plinsky, Assistant United States Attorney.  After the submission of this motion, the Court was advised that Plaintiff did not object to the motion or to this proposed order (a copy of which was attached to the motion).  Whereupon, for good cause shown, the Court hereby orders:

   1.   The term health information means any information, in any format including verbal communication, that is created or received by a health care provider or

health plan that relates to the past, present, or future physical or mental health or condition of Charles Kennedy, or past, present or future payment for the provision of health care.

2. Upon being provided a copy of this order, any physician or other health care provider in possession of Charles Kennedy's health information may talk with counsel for one party without the other party or other party's counsel being present or participating, provided the health care provider consents to the interview. This is based on the Court's finding that Plaintiff has made a claim for personal injuries and by filing this lawsuit, pursuant to Kansas law, has waived any privilege existing between the patient and health care provider. Plaintiff is aware that this Order has been entered and has been given the opportunity to object or has waived any objection.

3. The Court further finds this Order complies with the requirements of applicable federal law including, but not limited to, the Health Insurance Portability and Accountability Act (HIPAA): Provided however, that this Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, <u>which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.</u>

4. This Order pertains to the health information related to **Charles Kennedy, Date of Birth: xx/xx/1951.**

This Order shall be effective throughout the pendency of this action.

IT IS SO ORDERED this 9th day of November, 2007.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE