IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES KENNEDY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07-1093-JTM |
| ) | |
| UNITED STATES and ) | |
| WILLIAM MURPHY, M.D., ) | |
| ) | |
| Defendants ) | |
| _____) | |

## AGREED ORDER FOR DISCLOSURE AND PROTECTION
## OF HEALTH RECORDS

TO: All Hospitals; Clinics; Pharmacies; Physicians; Social Workers; Psychologists; Psychiatrists; Therapists; Governmental Agencies (State and Federal); All Other Medical Institutions; Practitioners; and Health Care Providers.

Upon motion by Defendants and upon good cause being shown, the Court hereby orders:

1.  The term health information means any information, in any format including verbal communication, that is created or received by a health care provider or health plan that relates to the past, present, or future physical or mental health or condition of Charles Kennedy, or past, present or future payment for the provision of health care.

2.  Charles Kennedy's health information may be disclosed to:

    a.  A party, including any officer, director, employee, agent or representative of or attorney for a party;

      b.      The Judge presiding in this case, the Judge' staff, and such employees of the court as directed by the Judge;

      c.      Counsel for a party and their legal associates, paralegals, investigators and office staff;

      d.      Outside experts, consultants, advisors and analysts retained or consulted for the purpose of assisting a party in the preparation and trial of this case;

      e.      Employees of a party whose job responsibilities and special knowledge relate to the subject matter of that confidential discovery material, and employees of involved insurance companies and the Kansas Health Care Stabilization Fund;

      f.      Witnesses deposed; and

      g.      To any other person or entity as necessary to and solely for the purposes of preparation and trial of this case.

3.      Any health care provider, treatment facility, mental health treatment provider, dentist, health plan or covered entity in possession of Charles Kennedy's health information shall provide all information to counsel for a party in this case upon written request and upon being provided a copy of this order.  *The minimum necessary amount of information to be provided under this order is all information*.

4.      For information protected by 42 C.F.R. Part 2, this Court orders the disclosure and production of Charles Kennedy's health information to counsel for a party finding good cause exists for the disclosure; that there are no alternative means of

obtaining the information or such means would be ineffective and the public's interest in the administration of justice outweighs Charles Kennedy's interests: **Provided however, that this Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, <u>which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.</u>**

5.  For mental health treatment information this Court orders the disclosure and production to counsel for a party finding that Charles Kennedy's condition is in issue as a claim or defense of this case.

6.  At the close of this case, records shall be returned to the covered entity or destroyed.

7.  The Court finds, and the parties agree, any health care provider, treatment facility, mental health treatment provider, dentist, health plan or covered entity in possession of Charles Kennedy's health information are hereby authorized to make available for examination and reproduction by the parties and their counsel denominated in this lawsuit **any and all** medical records of any type or nature whatsoever and/or any protected health information within your care, custody, or control concerning**, Charles Kennedy, Date of Birth: xx/xx/1951.**

8.  Medical documents and protected health information subject to this order include but are not limited to:

- **Every page of the entire medical chart <u>cover</u> to <u>cover</u>, including front and back of all pages containing notes or other information,** including but not limited to: all records pertaining to the examination, diagnosis, care and treatment of the patient, patient intake and registration forms; patient insurance and identification information; office narratives; progress notes; prescription orders; lab results; nurse and physician assistant notes; consultation notes; consultation reports; order sheets; handwritten notes;  radiological and laboratory reports; itemized billing statements listing all charges; radiographic films, photographs and videotapes; monitoring strips of any kind; any and all records related to HIV testing, HIV status, AIDS or sexually transmitted diseases; any and all records related to the diagnosis and treatment of mental, alcoholic, drug dependency, or emotional condition; and psychotherapy notes that are part of the medical record.

- This Order also includes all **"Secondary Records,"** regardless of whether generated by you.  Secondary Records include:  patient questionnaires; phone message slips; correspondence with patient; and all documents contained in the patient's office chart from other health care providers, insurance representatives, attorneys or governmental agencies, including but not limited to medical records as defined above and all correspondence and hospitalization records.

- Any and all records related to the diagnosis and treatment of mental illness or problems or emotional condition, including any psychotherapy notes that are part of the medical record.

Any attorney of record herein as set forth below may request inspection and reproduction of medical records.  Clerical fees and expenses shall be paid by the attorney making the request for examination and reproduction.

This Order shall be effective throughout the pendency of this action.

IT IS SO ORDERED this 26th day of December 2007.


    s/   DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    U.S. MAGISTRATE JUDGE

APPROVED BY:

WOODARD, HERNANDEZ, ROTH & DAY, L.L.C.

s/Matthew P. Sorochty
Matthew P. Sorochty, #18228
257 N. Broadway, Suite 300
Wichita, KS 67202
Tel:  (316) 263-4958
Fax:  (316) 263-0125
E-mail: matts@woodard-law.com
*Attorneys for Defendant William Murphy, M.D.*

THE SPIGARELLI LAW FIRM

By      s/Thomas E. Hayes
        Thomas E. Hayes, #13510
        100 S. Broadway, Suite 200
        P.O. Box 1449
        Pittsburg, Kansas  66762
        Tel:  (620) 231-1290
        Fax:  (620) 232-6650
        E-mail: thomasehayes@com
        *Attorneys for Plaintiff*

UNITED STATES ATTORNEY

By      s/David D. Plinsky
        David D. Plinsky, Ks. S.Ct. No. 09499
        Assistant United States Attorney
        Federal Building, Room 290
        444 SE Quincy
        Topeka, Kansas  66683
        *Tel:  (785) 295-2850*
        *Fax:  (785) 295-2853*
        E-mail: David.D.Plinsky@usdoj.gov
        *Attorneys for Defendant United States of America*

C:\Documents and Settings\dbostwick\Local Settings\Temp\notesAAD3AB\Agreed Order for Disclosure 08-07-07.wpd