IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES KENNEDY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES and WILLIAM, )<br>MURPHY, M.D., )<br>)<br>Defendants. )<br>_____) | Case No.  07-1093-JTM |

## MEMORANDUM AND ORDER

Before the court is Defendant Murphy's to require Plaintiff to produce an expert report of Plaintiff's treating physician, Dr. Mary Bourland.  (Doc. 34.) Plaintiff has responded to the motion (Doc. 36), and because Dr. Bourland's deposition is currently scheduled for March 24, 2008, the Court will rule on the motion without awaiting any reply from Defendant.

Defendant states that Plaintiff's counsel indicated previously that he would inquire of the treating physician, Dr. Bourland, concerning standard of care opinions.  (Doc. 34 at 2.)  Plaintiff has not yet provided expert designations pursuant to Fed. R. Civ. P. 26(a)(2)(A), and Defendant argues that because of the standard of care issue, the treating physician should be required to provide an

expert report that complies with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

In response, Plaintiff states that he "does not intend to ask Dr. Bourland if she has an opinion as to whether anyone breached the standard of care." (Doc. 36 at 2.) Plaintiff does intend to as Dr. Bourland about discussions she had with her patient and family about whether Plaintiff's leg could have been saved if treated sooner. (*Id.*) Because she is not going to ask questions about standard of care, Plaintiff argues that Defendant should not be allowed to question Dr. Bourland about standard of care issues at her deposition. (*Id.*)

Under Rule 26(a)(2)(B), a written report is required for any expert who is "retained or specially employed to provide expert testimony in the case." In applying this section to treating physicians, Magistrate Judge Newman concluded that:

> To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703 and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specifically retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony.

2

*Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan. 1995).  *See also* ***Starling v. Union Pacific R. Co.,*** 203 F.R.D. 468, 479 (D.Kan. 2001) (prevailing weight of authority allows a treating physician to opine on causation without a full-blown expert report where the cause of injury is a necessary part of a patient's treatment); ***Goeken v. Wal-Mart Stores, Inc.***, No. 99-4191-SAC, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001) (treating physician can render opinion on diagnosis, prognosis and cause of injury).  *See also* ***Sellers v. Butler***, No. 02-3055-DJW, 2006 WL 2714274 (D. Kan. Sep. 22, 2006);  ***Mackey v. Burlington Northern Santa Fe Ry. Co.***, No. 05-4133-SAC, 2006 WL 3512958, at *2 (D. Kan. Nov. 29, 2006).

In the case of ***McReynolds v. Bigler,*** No. 88-1343-C, 1990 WL 129454 (D. Kan. Aug. 6, 1990), Judge Crow set forth the following criteria for determining whether a physician is a treating physician, an expert witness, or both:

> Is the treating physician a fact witness or an expert? **Generally, a physician who testifies on information and opinions developed and drawn during the treatment of the party as a patient is considered to be an ordinary fact witness rather than an expert.** *Schroeder v. Boeing Commercial Airplane Co.,* 123 F.R.D. 166, 169 (D.N.J.1988);  *Sipes v. United States*, 111 F.R.D. 59, 61 (S.D.Cal.1986);  *Brandstetter v. National Railroad Passenger Corp.*, 7 Fed.R.Serv. 3d 1219, 1222 (D.D.C.1987);  *see generally Boyice v. City of Kansas City*, No. 86-2272-S (D.Kan.1988) (1988 U.S.Dist.Lexis 8587).  In *Sipes*, the court explained: 'The Court further rules that it is improper to name treating physicians as expert witnesses where the

3

information and opinions possessed by said physicians was obtained by virtue of their roles as actors or viewers of the transactions or occurrences giving rise to the litigation, to wit, the care and treatment provided to the plaintiff during the pertinent time period.  Said physicians are percipient fact witnesses, and as such, the information and opinions they possess should be freely accessible to both parties to the litigation,....'

 111 F.R.D. at 61.  The Advisory Committee's notes to Fed.R.Civ.P. 26(b)(4) indicate the requirements of that Rule are not applicable to treating physicians:

'It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are  part of the subject matter of the lawsuit.  Such an expert should be treated as an ordinary witness.'

 Dr. Blocker gained his knowledge of plaintiff's condition not from preparing for this trial but in the course of treating her during the critical time periods.  Under the above rules, Dr. Blocker need not be listed as an expert witness.

 Of course, a witness may be both an expert witness under Rule 26(b)(4) as to some matters and an ordinary witness on other areas.  *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.C.Cir.1980).  It is critical to determine when the testimony of the treating physician is no longer that of merely an observer or actor in the occurrence and becomes that of an expert witness.  There is no single bright line test to use in this determination.  **This court is comfortable with viewing the treating physician as a fact witness if the testimony concerns information, conclusions and opinions which were obtained in the course of treating the party and which were necessary to make in rendering this treatment.  Opinion testimony on the previous care given to the party or on medical matters unrelated to the actual care and**

> **treatment eventually administered to the party elevates the treating physician to the status of an expert witness covered by Rule 26(b)(4).** That Dr. Blocker's testimony may be circumstantial evidence of defendants' fault and negligence does not *ipso facto* make him a liability expert witness. Otherwise, Dr. Blocker's diagnosis of peritonitis by itself could be considered to be an expert opinion circumstantially relevant to defendants' fault and negligence. Such a sweeping bar to testimony on medical facts would be clearly contrary to the general rule that treating physicians are ordinary fact witnesses. Instead, **the court must look to whether the medical opinions, conclusions and observations being offered by the treating physician necessarily played a role in his or her care and treatment of the plaintiff.** Applying this test to the deposition testimony of Dr. Blocker, the court is compelled to sustain the plaintiff's motion to reconsider and sets aside the Magistrate's order striking pages 31 through 52 (emphasis added).

*McReynolds*, 1990 WL 129454, at \*2-3. This court previously has held that Judge Crow's analysis provides an excellent guide to determining when a physician is a fact witness or an expert witness. ***Nowak v. Vierthaler***, No. 98-1044-WEB, 1999 WL 34804337, at \*2 (D. Kan. Sep. 3, 1999).

From representations of counsel, it appears that Dr. Bourland will not be asked to testify to issues that go beyond facts made known to her during the course of her treatment of Plaintiff. She is not being asked to opine about what the standard of care is or whether Dr. Murphy departed from that standard. While she may be asked whether earlier treatment might have saved Plaintiff from having his

5

leg amputated, it appears to the Court that this is directly related to the treatment Dr. Bourland provided to Plaintiff and there is no indication that she will be relying on facts or information outside of what she obtained during and as a result of her treatment.

For the above reasons, the Court concludes that Plaintiff is not required to provide an expert report for Dr. Bourland that meets the requirements of Fed. R. Civ. P. 26(a)(2)(B) based upon the facts and circumstances represented in the present filings. Defendant Murphy's motion is therefore DENIED.[1]

IT IS SO ORDERED.

Dated at Wichita, Kansas this 17th day of March, 2008.

          s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. Magistrate Judge

---

[1] In light of the Court's ruling, presumably Defendants will not be questioning Dr. Bourland about standard of care issues at her deposition.